Domingo Martínez, Plaintiff and Appellee, v. Enrique Báez et al., Defendants and Appellants.

No. 8872. Argued April 14, 1944.—Decided June 7, 1944.

*Hugh R. Francis* for appellants. *Baldomero Freyre* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is a tort action. According to the weighing of the evidence made by the inferior court, it considered the following facts as having been proved:

"Defendant Enrique Báez, in his capacity as a contractor on December 18, 1939, entered into a contract with the Municipality of San Germán for the construction of the sewer outlets of the houses in connection with the sewage system of said municipality; that in the construction of such work, acting through his employees or agents, defendant Báez dug an excavation about one foot wide and six feet deep in the east sidewalk of Salud Street in San Germán; and that on April 16, 1940, between 7:30 and 8:00 p.m. while plaintiff walked upon said sidewalk, on which he had a perfect right to walk, he fell into the above-mentioned excavation, receiving the injuries specified in the complaint, and had to be taken out by several of the persons who testified during the trial as witnesses for the plaintiff. It was also proved, to the entire satisfaction of this court, that in spite of the fact that defendant Báez dug the excavation mentioned, and of which the plaintiff had no knowledge, said defendant did not prevent the passage upon said sidewalk, nor did he place any sign near the danger zone, to warn the plaintiff, or any other person, of the existence of said excavation or ditch, nor did he show in a visible place or in any place a sign, poster, warning, or a red light or any light in intimation of the existing danger; that at the moment of the accident the defendant Báez was insured with the defendant Great American Indemnity Co. under policy No. LC–66825, said policy being legally in force, for

the sum of $5/10,000.00, whereby said defendant bound itself to assume any responsibility for which defendant Báez could become liable, arising from personal injuries caused by the construction of the outlets. It was also proved by the plaintiff that the sole, immediate, proximate, and existing cause of said accident was the fault and negligence of defendant Báez, who failed to place any sign of warning in the proximities of the excavations to give notice of the danger, and allowed the same to remain unguarded, and that said negligence is imputable to the defendant Great American Indemnity Co.; that the plaintiff received injuries in said accident, consisting in a large and heavy bruise in his left side which produced a noticeable condition of a traumatic shock with a fracture of the tenth left rib, with a dry pleurisy underneath the trauma in said left side, and in light wounds and lacerations in the thighs and arms. It was also established by the plaintiff, to the satisfaction of the court, that as a consequence of the accident he was cofined in bed during four weeks and that the wounds received, especially the fracture of the tenth left rib, and the cure of said wounds, caused him acute pains, great mental agony, and physical and moral sufferings, and that he was attended by Dr. Nicolás Sanabria, of San Germán, who went two or three times a week to Sabana Grande to the plaintiff's home to give him medical attention, from April 16, 1940, to May, 1940; it was also proved that the medical attention rendered the plaintiff by Dr. Sanabria during the period of his cure were necessary for the recovery of the plaintiff and that the fees charged for such attention are reasonable. . ."

As to the defense of the defendants to the effect that the plaintiff was guilty of contributory negligence, the court said:

". . . Not an atom. of evidence was introduced by the defendants to sustain this contention. There was not the slightest suggestion of evidence to prove that the plaintiff walked in a careless or thoughtless way, as the defendant maintained. There is nothing in the evidence of the case to prove that the plaintiff had knowledge that a ditch in the sidewalk of Salud Street had been dug. The defendants could not even remotely establish that the plaintiff exposed himself intentionally to a danger of which he was aware. There is nothing in the evidence of the defendants to show that the plaintiff did not exercise reasonable care as to his sorroundings; or did not exercise reasonable care or diligence to avoid a danger in the sidewalk perceived by him. (*Font* v. *Viking Construction Co.*, 58 P.R.R. 691.)

"On the contrary it appears from the evidence that the plaintiff was compelled to walk on the sidewalk, which was the place upon which he could walk, since the earth in the street made passage impossible and the plaintiff had a right to believe that the ditch in which he fell, if existing, would be protected. The plaintiff was not guilty of contributory negligence in walking on the sidewalk, a place upon which he had a right to walk and which he had a right to believe was in good condition, and in going down into the ditch without knowledge that an excavation existed without due protection. (*Blanco* v. *Municipality of Mayagüez*, 57 P.R.R. 470.) Even more so, when it was proved to the satisfaction of the court that the visibility in the place of the accident was poor because it was a dark place."

The defendant took the present appeal from a judgment ordering them to pay $1,100 as indemnity to the plaintiff, besides $200, value of the medical services rendered by Dr. Sanabria to the plaintiff and $200 as attorney's fees. They charged the lower court with the commission of seven errors. Some of them are obviously frivolous and therefore we shall consider only those referring to the weighing of the evidence by the district court.

We have read the testimony given by the witnesses of both sides and we think there is nothing in the record to justify a decision, as the appellants contend, that the lower court erred in adjusting the conflict existing in the evidence in favor of the plaintiff, or that in weighing it, it acted with passion, prejudice, or partiality. The case at bar is fully covered by the doctrine set forth by this court in the cases of *Font* v. *Viking Construction Corp.*, 58 P.R.R. 691 and *Davidson* v. *H. I. Hettinger & Co.*, 62 P.R.R. 286, and there is nothing we can add to what has been established in said cases that, according to the facts deemed proved by the lower court, the plaintiff was not guilty of contributory negligence.

But we do think the appellants are right when they contend that the sum of $1,100 granted the plaintiff is excessive. The only injury he suffered was the simple fracture

of a rib which healed completely, plaintiff not having caused any damage of a permanent character or a partial incapacity in ability to earn his living. Plaintiff did not cease to receive his salary while in bed. Under all the attendant circumstances, we consider that an indemnity of $500 is just and reasonable.

As to the $200 granted for medical attention, there was no evidence at all by the defendants to dispute the testimony of Dr. Sanabria to the effect that he went six or seven times from San Germán to Sabana Grande to attend the plaintiff and that they agreed on said sum as a reasonable sum for his fees. Even if we could think that $200 is a rather large sum, the fact that the defendant did not give the inferior court the opportunity of deciding any controversy in the matter, makes applicable the case of *Tuya v. White Star Bus Line, Inc.*, 59 P.R.R. 784, where we held that (p. 789): "In the absence of proof to the contrary from the defendant, the lower court was warranted in believing the testimony of Dr. Alonso" . . . and that ". . . the testimony of the attending physician is sufficient to comply with the requisite as to proving the reasonableness of the fees charged for medical treatment, has been held in many cases."

Nor did the trial court err in ordering the defendants to pay attorney's fees. They were obstinate, since their negligence appears clearly from the evidence; but we think that the amount granted under the circumstances should be reduced to $150.

The court did err in granting interest from the filing of the complaint. Counsel for the appellee so admits, since in acordance with §341 of the Code of Civil Procedure, such interest only lies from the date on which judgment was rendered.

The judgment appealed from must be modified to the effect of reducing the amount of the indemnities granted from $1,100 to $500; the amount of attorney's fees from $200 to

$150, and only granting the payment of interest from the date of the judgment, and, as thus modified, the judgment is affirmed.

Mr. Chief Justice Travieso did not participate herein.